Filed 4/7/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALISHA KINNEY,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>    Respondent;<br><br>COUNTY OF KERN,<br><br>    Real Party in Interest. | F082845<br><br>(Super. Ct. No. BCV-21-100450)<br><br><br>**OPINION** |

ORIGINAL PROCEEDINGS; in mandate.  Stephen D. Schuett, Judge.

Bridgette C. Toraason and Brent J. Borchert for Petitioner.

No appearance for Respondent.

Margo A. Raison, County Counsel, and Andrew C. Hamilton, Deputy County Counsel, for Real Party in Interest.

Jennifer B. Henning for California State Association of Counties as Amicus Curiae on behalf of Real Party in Interest.

-ooOoo-

In February 2021, the petitioner, Alisha Kinney, sent a request to the real party in interest, the County of Kern (the "County"), under the California Public Records Act (the

"Act") (Gov. Code, § 6250 et seq.)[1] seeking the names of all persons arrested by the Kern County Sheriff's Department for driving under the influence (DUI) from March 1, 2020 to April 1, 2020. The County provided Kinney with some information about the DUI arrests made in the specified timeframe but did not provide the arrestees' names. Kinney then filed a verified petition for writ of mandate in Kern County Superior Court to compel the County to provide the arrestees' names. The court sustained the County's demurrer to Kinney's petition without leave to amend.

Kinney now seeks extraordinary writ relief from this court to compel the superior court to vacate its order sustaining the County's demurrer to her petition and to enter a new order directing the County to provide the arrestees' names. We conclude the statutory scheme Kinney relies on neither requires nor authorizes the disclosure of the arrestees' names. We therefore deny the requested writ relief.

## BACKGROUND

On February 15, 2021, Kinney emailed a records request to the County. The specific wording of Kinney's email is as follows:

> "Pursuant to the California Public Records Act, I request that you provide me with the names of every individual arrested for DUI by the Kern County Sheriff's Department from March 1, 2020 through April 1, 2020."

Although Kinney's email did not so specify, the requested information—the arrestees' names—is information specified in section 6254, subdivision (f)(1).

---

[1] Unless otherwise indicated, all statutory references are to the Government Code. Section 6250 provides:

> "In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."

2.

Section 6254 provides a description of public records which are not required to be disclosed by Chapter 3.5 (relating to Inspection of Public Records) of the Government Code. Subdivision (f), which we provide in part, describes a particular category of such exempt public records:

> "Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, the Office of Emergency Services and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes. However, state and local law enforcement agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the victims of an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, and any person suffering bodily injury or property damage or loss, as the result of the incident caused by arson, burglary, fire, explosion, larceny, robbery, carjacking, vandalism, vehicle theft, or a crime as defined by subdivision (b) of Section 13951, unless the disclosure would endanger the safety of a witness or other person involved in the investigation, or unless disclosure would endanger the successful completion of the investigation or a related investigation. However, this subdivision does not require the disclosure of that portion of those investigative files that reflects the analysis or conclusions of the investigating officer.

> "Customer lists provided to a state or local police agency by an alarm or security company at the request of the agency shall be construed to be records subject to this subdivision.

> "*Notwithstanding any other provision of this subdivision, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation:*

"(1) *The full name* and occupation *of every individual arrested by the agency*, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds.

"(2)(A) Subject to the restrictions imposed by Section 841.5 of the Penal Code, the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto, including, to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded, the time, date, and location of occurrence, the time and date of the report, the name and age of the victim, the factual circumstances surrounding the crime or incident, and a general description of any injuries, property, or weapons involved. The name of a victim of any crime defined by Section 220, 261, 261.5, 262, 264, 264.1, 265, 266, 266a, 266b, 266c, 266e, 266f, 266j, 267, 269, 273a, 273d, 273.5, 285, 286, 288, 288a, 288.2, 288.3, 288.4, 288.5, 288.7, 289, 422.6, 422.7, 422.75, 646.9, or 647.6 of the Penal Code may be withheld at the victim's request, or at the request of the victim's parent or guardian if the victim is a minor. When a person is the victim of more than one crime, information disclosing that the person is a victim of a crime defined in any of the sections of the Penal Code set forth in this subdivision may be deleted at the request of the victim, or the victim's parent or guardian if the victim is a minor, in making the report of the crime, or of any crime or incident accompanying the crime, available to the public in compliance with the requirements of this paragraph.

"(B) Subject to the restrictions imposed by Section 841.5 of the Penal Code, the names and images of a victim of human trafficking, as defined in Section 236.1 of the Penal Code, and of that victim's immediate family, other than a family member who is charged with a criminal offense arising from the same incident, may be withheld at the victim's request until the investigation or any subsequent prosecution is complete. For purposes of this subdivision, "immediate family" shall have the same meaning as that provided in paragraph (3) of subdivision (b) of Section 422.4 of the Penal Code." (§ 6254, subd. (f)(1) & (2), italics added.)

The County responded in writing to the request on February 24, 2021. It provided a copy of a report reflecting the three driving under the influence arrests made by the

4.

Kern County Sheriff's Department during Kinney's specified timeframe, but redacted the names of the three arrestees. The report copy listed for each arrest a case number, date and time of arrest, the offense, the offense statute, and the case status. The offense, offense statute, and the case status were the same for each arrest: the offense was "Driving Under The Influence," the offense statute was "23152(A) VC-M," and the case status was "CLEARED BY ARREST."[2]

The County explained in its response to Kinney that the arrestees' names had been redacted "as that information is protected and exempt from disclosure pursuant to California Government Code 6254(k), Cal. Const. Art. I § 1, California Penal Code § 13300 and California Evidence Code 1040."

On March 1, 2021, Kinney filed her verified petition for writ of mandate in Kern County Superior Court pursuant to section 6258.[3] Kinney contends in her petition to this court that her lower court petition was accompanied by a declaration of hers. However, no such declaration is in the record, and nothing indicates her lower court petition was supported by any declaration. Her petition requested the issuance of a peremptory writ of mandate directing the County to provide the names of the three arrestees in compliance with the Act, or, alternatively, the issuance of an order to the County to show cause why the court should not issue such a writ. Her petition alleged she was entitled to the full names of the three arrestees under section 6254, subdivision (f)(1).

---

[2] We take judicial notice of the fact that Vehicle Code section 23152 is the driving under the influence statute. (Evid. Code, §§ 459, 451.)

[3] Section 6258 provides:

"Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter. The times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the court with the object of securing a decision as to these matters at the earliest possible time."

5.

*The County's demurrer*

On April 8, 2021, the County filed a demurrer to Kinney's petition on the ground that it failed to "state facts sufficient to constitute a cause of action." The demurrer argued, relying on the holding in *County of Los Angeles v. Superior Court (Kusar)* (1993) 18 Cal.App.4th 588, that "the records to be disclosed under section 6254, subdivision (f)(1) and (2), are limited to current information and records of the matters described in the statute and which pertain to contemporaneous police activity." (*Id.* at p. 601.) The County also noted that the *Kusar* court, after reviewing section 6254, subdivision (f)'s, legislative history, concluded that the Legislature "demonstrated a legislative intent only to continue the common law tradition of contemporaneous disclosure of individualized arrest information in order to prevent secret arrests and to mandate the continued disclosure of customary and basic law enforcement information to the press." (*Id.* at pp. 596—599.) Implicit in the County's argument was that Kinney's request for arrestee information that was 11 to 12 months old was not a request for "contemporaneous" information and thus not subject to disclosure under section 6254, subdivision (f)(1).[4]

The demurrer also argued that section 6254, subdivision (k), exempted the arrestees' names from disclosure. That subdivision exempts from disclosure "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." The County contended that Kinney was requesting information—namely, "criminal history records of private citizens—[that] is prohibited from disclosure by both the California Constitution and the Penal Code[.]" Specifically, the County discussed Article I, section 3, subdivision (b)(3) of the California Constitution, enshrining the right to privacy among

---

[4] The County's argument appears to be that none of the arrestees' information was subject to disclosure. Thus, it is unclear why the County agreed to provide most of the information Kinney sought, excluding only the arrestees' names.

6.

other rights, and Penal Code sections 13300—13302, prohibiting the unauthorized disclosure of criminal history information.

Additionally, the County argued that disclosure was not required under the balancing test of section 6255, subdivision (a). This subdivision provides that "[an] agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." This "catchall provision" " 'contemplates a case-by-case balancing process, with the burden of proof on the proponent of nondisclosure to demonstrate a clear overbalance on the side of confidentiality.' " (*American Civil Liberties Union Foundation v. Superior Court* (2017) 3 Cal.5th 1032, 1043.) "Whether such an overbalance exists may depend on a wide variety of considerations, including privacy[.]" (*Ibid.*)

Kinney filed an opposition to the demurrer in which she emphasized section 6254, subdivision (f)'s, language that law enforcement agencies "shall make public," among other things, "[t]he full name" of "every individual arrested by the agency." (§ 6254, subd. (f)(1).) Kinney also argued the County's reliance on *Kusar, supra,* 18 Cal.App.4th 588 is misplaced because section 6254, subdivision (f), was amended after the *Kusar* decision in a manner that rendered the holding in that case obsolete. Specifically, Kinney argued the amendment neutralized *Kusar's* holding that the disclosure mandates under section 6254, subdivision (f)(1), are limited to information pertaining to contemporaneous police activity.

### *The trial court sustains the demurrer without leave to amend*

The trial court sustained the County's demurrer without leave to amend after a hearing on May 6, 2021. There was no court reporter at the hearing. The superior court clerk's minute order of the hearing states that a tentative ruling was "announced" in open court, that the matter was argued by counsel and submitted, and that the demurrer was

sustained without leave to amend. The minute order did not state the ground for sustaining the demurrer nor did it mention any of the court's reasoning. Any written tentative ruling, if there was one, was not incorporated into the minute order and is not part of the record on appeal. The minute order stated that the Kern County Counsel was to prepare an "order after hearing."

The Kern County Counsel prepared a terse order after hearing that the court signed. The order after hearing stated little more than that the demurrer is sustained without leave to amend. The order did not state any grounds or reasons for sustaining the demurrer.

Kinney timely filed her verified petition for writ of mandate in this court challenging the court's order sustaining the demurrer to her lower court petition without leave to amend.

## DISCUSSION

Kinney advances substantially the same arguments she did in the lower court proceedings. While we do not know the specific reasons the trial court sustained the demurrer, we conclude the trial court could have correctly sustained the demurrer without leave to amend based on the holding in *Kusar, supra,* 18 Cal.App.4th 588. *Kusar*'s holding that section 6254, subdivision (f)(1)'s, disclosure mandates are limited only to information pertaining to "contemporaneous" police activity remains valid authority. Furthermore, although the Legislature has not defined what "contemporaneous" means in this context, we conclude the information sought here, which was 11 to 12 months old when Kinney filed her request to the County, should not be considered "contemporaneous" information based on the reasons supporting the holding in *Kusar*. We deny Kinney's petition solely on this ground and do not need to explore any other possible grounds.

8.

## I. Appealability and standard of review

"Pursuant to section 6259, subdivision (c), an order of the trial court under the Act, which either directs disclosure of records by a public official or supports the official's refusal to disclose records, is immediately reviewable by petition to the appellate court for issuance of an extraordinary writ. [Citation.] The standard for review of the order is 'an independent review of the trial court's ruling[.]' " (*City of San Jose v. Superior Court* (1999) 74 Cal.App.4th 1008, 1016.) " 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.] … We affirm a judgment if correct on any ground." (*McPherson v. EF Intercultural Foundation, Inc.* (2020) 47 Cal.App.5th 243, 257—258.)

## II. The arrestees' names are not subject to disclosure

As previously stated, section 6254, subdivision (f)(1), requires state and local law enforcement agencies to make public the following information pertaining to arrests, unless disclosure would endanger the safety of a person involved in an investigation or the successful completion of an investigation:[5]

> "The full name and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds."

Section 6254, subdivision (f)(1)'s, mandate has been interpreted to be "limited to current information and records of the matters described in the statute and which pertain to contemporaneous police activity." (*Kusar, supra,* 18 Cal.App.4th at p. 601.) Since the

---

[5] The County has never claimed that disclosing the arrestees' name here would endanger the safety of a person involved in an investigation or the successful completion of an investigation.

9.

*Kusar* decision in 1993, section 6254 has been amended 47 times in different respects, but subdivision (f) has not been amended to change *Kusar*'s interpretation of that subdivision. " 'When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute.' " (*People v. Zambia* (2011) 51 Cal.4th 965, 975—976.) Here, we presume the Legislature has acquiesced in the *Kusar* court's interpretation of section 6254, subdivision (f).

However, as another Court of Appeal has observed, the Legislature has not defined "contemporaneous" as that term is used in the *Kusar* decision. (*Fredericks v. Superior Court* (2015) 233 Cal.App.4th 209, 216 (*Fredericks*), disapproved of on other grounds by *National Lawyers Guild, San Francisco Bay Area Chapter v. City of Hayward* (2020) 9 Cal.5th 488, 508, fn. 9.) The amicus curiae recognizes this, but states that the precise definition of "contemporaneous" for these purposes is not at issue in this case and asserts that the records of arrest in this case—which were very close to a year old—"are not contemporaneous by any measure."[6]

We agree. We do not need to discern the precise definition of "contemporaneous" as that term applies to section 6254, subdivision (f)(1)'s, disclosure mandate. However, the *Kusar* court's holding and reasoning supports the conclusion that the arrest information at issue here—i.e., the three arrestees' names—which was 11 to 12 months old when Kinney made her request to the County, should not be considered "contemporaneous."

In *Kusar*, "one McMurray had brought a civil action against two deputy sheriffs for assault and battery and civil rights violations. In the civil action, the trial court denied

---

[6] The amicus curiae brief was filed by the California State Association of Counties on December 7, 2021.

McMurray's […] motion for discovery (presumably made under Evidence Code sections 1043 et seq.) involving the deputies' prior arrests of persons for crimes similar to those with which McMurray was charged." (*City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1424, fn. omitted.) Specifically, the discovery motion sought "information regarding every person arrested (for certain particular offenses) by Bailey and Morales over a 10–year period. [Citation.] The County [of Los Angeles] refused to produce the information." (*County of Los Angeles v. Superior Court (Axelrad)* (2000) 82 Cal.App.4th 819, 827.) A legal secretary (J. Ara Kusar) in McMurray's attorney's office then filed, at the attorney's direction, a California Public Records Act request for the information, which was refused. (*Ibid.*) The litigation to enforce Kusar's purported rights under the Act ensued. (*Ibid.*) The superior court adopted Kusar's broad interpretation of section 6254, subdivision (f), and ordered the county to produce the information. (*Kusar, supra,* 18 Cal.App.4th at p. 593.) The county sought writ relief in the Court of Appeal to compel the trial court to vacate its order. (*Ibid.*)

In the Court of Appeal, the county argued "that section 6254, subdivision (f)(1) and (2), authorize[d] disclosure only of *contemporaneous* information relating to persons *currently* within the criminal justice system and cannot be used to discover criminal history information going back 10 years." (*Kusar, supra,* 18 Cal.App.4th at p. 595.) Kusar, on the other hand, argued the statute's language "plainly direct[ed] disclosure of the requested information and the County [of Los Angeles] may only avoid the statutory mandate by showing" that the disclosure would either endanger the safety of a person involved in an investigation or would endanger a successful completion of the investigation, "which it ha[d] failed to do." (*Ibid.*)

At the time of the *Kusar* decision, section 6254, subdivision (f)(1) and (2), provided that the "current address[es]" of arrestees and victims were generally subject to disclosure. Subdivision (f)(1) and (2) read in relevant part at that time:

11.

"Other provisions of this subdivision notwithstanding, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation:

"(1) The full name, *current address*, and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds.

"(2) Subject to the restrictions imposed by Section 841.5 of the Penal Code [relating to limitations on disclosure to a criminal defendant of the address and telephone number of victims or witnesses], the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto, including, to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded, the time, date, and location of occurrence, the time and date of the report, the name, age, and *current address* of the victim, except that the address of the victim of any crime defined by Section 261, 264, 264.1, 273a, 273d, 273.5, 286, 288, 288a, 289, 422.6, 422.7, or 422.75 of the Penal Code shall not be disclosed, the factual circumstances surrounding the crime or incident, and a general description of any injuries, property, or weapons involved." (*Kusar, supra,* 18 Cal.App.4th at p. 591, fn. 3, italics added, original italics omitted.)

The *Kusar* court explained how section 6254, subdivision (f)'s, language was ambiguous:

"The language utilized in section 6254, subdivision (f), is consistent with the more narrow construction placed on it by the County [of Los Angeles]. For example, 'records' of complaints and investigations and 'files compiled' by state and local agencies for correctional, law enforcement and licensing purposes are exempt from the general requirements of the [Act]. However, the second paragraph of subdivision (f) requires that the public have access to certain limited kinds of 'information' extracted from such records and files. [Citation.] This

12.

information is described in terms which strongly suggest that contemporaneous information is intended. The disclosed information must include (1) the '*current address*' of an arrestee, (2) the time and date of booking, (3) the location where the arrestee is then *currently* being held or, if not in custody, the time and manner of release, (4) the amount of bail set, (5) all charges on which the arrestee *is being held* and (6) any *outstanding* warrants or parole violations. This information is patently the type of information which would be relevant to current and contemporaneous police activity. Much of it would make no sense in the context of a 10-year history of arrest activity. Indeed, if construed in any other way this new exception would come close to consuming the exemption contained in the first paragraph of subdivision (f).

"Nevertheless, it would not be entirely unreasonable to construe the statutory language in the broad general manner proposed by Kusar. The statutory language alone does not conclusively eliminate an interpretation which would authorize the release at a later time of information which was 'current' when compiled. We therefore conclude the language is ambiguous and it is necessary to look at additional factors to determine the purpose and intent of the statute." (*Kusar, supra,* 18 Cal.App.4th at pp. 595—596.)

The *Kusar* court examined section 6254, subdivision (f)'s, legislative history and concluded the history supported the county's construction of section 6254, subdivision (f), as "the more appropriate one." (*Kusar, supra,* 18 Cal.App.4th at p. 598.) The court explained that the Legislature intended "only to continue the common law tradition of contemporaneous disclosure of individualized arrest information in order to prevent secret arrests and to mandate the continued disclosure of customary and basic law enforcement information to the press." (*Ibid.*) This informed the *Kusar* court's ultimate holding: "Based on the legislative purpose and intent which we glean from the legislative history, we conclude that the records to be disclosed under section 6254, subdivision (f)(1) and (2), are limited to current information and records of the matters described in the statute and which pertain to contemporaneous police activity." (*Kusar, supra,* at p. 601.)

We are guided by the *Kusar* court's conclusion that the purpose of the disclosure exceptions in section 6254, subdivision (f), was *only* to prevent secret arrests and provide

basic law enforcement information to the press. This observation leads us to conclude that the arrest information sought here—which was 11 to 12 months old when Kinney requested it from the County—was not "contemporaneous" for section 6254, subdivision (f)(1), purposes when Kinney made her request to the County. After 11 to 12 months, we do not see how releasing the arrestees' names would serve the purpose of preventing clandestine police activity. We reach this conclusion aware of our constitutional obligation to " 'broadly construe[ ]' the [Act] to the extent 'it furthers the people's right of access' and to 'narrowly construe[ ]' the [Act] to the extent 'it limits the right of access.' " (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 166; Cal. Const., art. I, § 3, subd. (b)(2).)

Kinney argues *Kusar* is no longer valid authority because section 6254, subdivision (f), was amended shortly after that case was decided. "In 1995, the language of section 6254, subdivision (f)(1) and (2) was amended to remove the terms 'current address' for both arrestees and victims. (Stats. 1995, ch. 778, §§ 1—4, pp. 6056—6081.)" (*Fredericks, supra,* 233 Cal.App.4th at p. 232.) Since that amendment, current addresses of arrestees and victims are subject to disclosure only under certain conditions as specified in section 6254, subdivision (f)(3). (Stats. 1995, ch. 778, §§ 1—4, pp. 6056—6081.) Section 6254, subdivision (f)(3) currently provides that state and local law enforcement shall make public:

> "[T]he current address of every individual arrested by the agency and the current address of the victim of a crime, if the requester declares under penalty of perjury that the request is made for a scholarly, journalistic, political, or governmental purpose, or that the request is made for investigation purposes by a licensed private investigator … [except] that the address of the victim of [certain crimes] shall remain confidential. Address information obtained pursuant to this paragraph shall not be used directly or indirectly, or furnished to another, to sell a product or service to any individual or group of individuals, and the requester shall execute a declaration to that effect under penalty of perjury."

The *Fredericks* court summarized the history and purpose of the amendment:

14.

"In the legislative history of the 1995 changes to section 6254, subdivision (f)(2), the Governor's chaptered bill file (Sen. Bill No. 1059 (1995-1996 Reg. Sess.) ch. 778) shows that the sponsor carried the legislation on behalf of the California Peace Officers Association to address a problem being experienced by law enforcement under the CPRA. This was the increasing number of boilerplate requests from marketing organizations seeking to profit from the disclosed names and addresses of crime victims and arrestees. Law enforcement agencies were experiencing a tremendous strain from the processing of those requests, creating pressure upon their 'already scarcely allocated time and resources.' (Sen. Steve Peace, letter to Governor Pete Wilson (1995-1996 Reg. Sess.) Sept. 7, 1995, Governor's chaptered bill files, ch. 778.) The bill removed the requirement to disclose current address information of arrestees and victims, except as provided in existing law to parties such as journalists, scholars, licensed private investigators and others with specific purposes. The Governor's Office of Planning and Research supported the signing of the bill to delete the requirement that the current address of every individual arrested be disclosed, and to delete the requirement that the current addresses of victims of certain crimes should be disclosed. Its recommendation stated that law enforcement finds itself under 'a massive time drain' when 'acting as clerical staff for these marketing firms.' The recommendation concluded, 'In these times of fiscal constraints, law enforcement resources should be focused on higher priority services to the public. However, this bill would still preserve legitimate access to this information.' (Governor's Office of Planning and Research, Enrolled Bill Rep. on Sen. Bill No. 1059 (1995-1996 Reg. Sess.) Sept. 8, 1995, p. 4.)" (*Fredericks, supra,* 233 Cal.App.4th at pp. 232—233.)

Kinney argues that the 1995 amendment to section 6254, subdivision (f)(1) and (2), removing the terms "current address" for both arrestees and victims renders the *Kusar* holding obsolete. Kinney quotes from *Fredericks, supra,* 233 Cal.App.4th 209: "The main terms expressly relied upon by the court in *Kusar, supra,* 18 Cal.App.4th 588[…] to support its conclusions regarding an imposed time limitation upon disclosure obligations [i.e., 'current address'] are no longer in the statute." (*Id.* at p. 232.) This quote from *Fredericks* must be read in context to understand that *Fredericks* did not overrule *Kusar*'s holding that the disclosure of information under section 6254, subdivision (f)(1), is limited to information relating to contemporaneous police activity.

In *Fredericks*, the petitioner filed a petition for writ of mandate in the trial court to challenge a police department's incomplete compliance with his request for "all 'complaints and/or requests for assistance' made to the Department during a six-month period (180 days), pertaining to" specified crimes. (*Fredericks, supra,* 233 Cal.App.4th at p. 216.) The petitioner made his request under section 6254, subdivision (f)(2). The police department responded that they would provide some information, but only about incidents dating back 60 days before the date of petitioner's request. (*Ibid.*) The trial court denied the petition, relying on *Kusar, supra,* 18 Cal.App.4th 588 "for the concept that only 'current' information was required to be disclosed, pertaining to 'contemporaneous' police activity." (*Fredericks,* at p. 221.)

The Court of Appeal in *Fredericks* reversed, concluding the disclosure mandates of section 6254, subdivision (f)(2), were not limited to only contemporaneous law enforcement information. (*Fredericks, supra,* 233 Cal.App.4th at p. 233.) The *Fredericks* court explained: "To the extent that the holding in *Kusar, supra,* 18 Cal.App.4th 588, … (that only contemporaneous law enforcement information is disclosable), states that it also applies to section 6254, subdivision (f)(2), its persuasiveness is weakened, because the arrest information sought in *Kusar* only involved subdivision (f)(1). Here we are discussing disclosure of information from 'complaints or requests for assistance,' under section 6254, subdivision (f)(2). *Kusar* should not be read as establishing a time limitation for such disclosures under section 6254, subdivision (f)(2), since the information about citizen complaints and requests for assistance referred to in that statutory subdivision is not always the same as information about arrestees, and it may raise different policy concerns." (*Fredericks,* at p. 233.)

*Fredericks* eliminated the "contemporaneous" limitation only as to the disclosure mandates of section 6254, subdivision (f)(2), not to the mandates of subdivision (f)(1). Moreover, even though the term "current address" has been removed from

16.

subdivision (f)(1), there continues to be language in that subsection indicating there must be a temporal connection between the arrest and the request for information.  (§ 6254, subd. (f)(1) ["the location where the individual *is currently* being held, and all charges the individual *is being held* upon"] (emphasis added).)  As opposed to subdivision (f)(2), which no longer contains any language evidencing a focus on current or contemporaneous information, subdivision (f)(1) obviously still retains such language.  Additionally, we observe that the term "current address" has not been entirely removed from section 6254, subdivision (f).  Subdivision (f)(3) provides that an arrestees' "current address" is still subject to disclosure, but only under certain conditions.  (§ 6254, subd. (f)(3).)  Thus, it could be argued that the term "current address" still serves as language indicating that there must be a temporal connection between the arrest and the information request.

Our conclusion that the arrest information sought in this case is not subject to disclosure should be limited as much as possible to the facts of this case.  Requests made under the Act for arrest information will often pit two very important rights against each other—the public's right to know and the individual's right to privacy.  The Legislature may wish to consider amending section 6254, subdivision (f), or otherwise provide clear guidance on when and how law enforcement agencies must make "contemporaneous" information available to the public.

## DISPOSITION

The order to show cause is discharged and the petition for writ of mandate is denied. The parties shall bear their own costs on appeal.

SNAUFFER, J.

WE CONCUR:


POOCHIGIAN, ACTING P. J.


DETJEN, J.